IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES NEWNAM,

    Petitioner,

vs.                                      Case No. 4:07cv270-RH/WCS

JAMES R. McDONOUGH,

    Respondents.

                             /

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

This cause is before the court for ruling on Respondent's motion to dismiss. Doc. 13. References to exhibits are to those submitted with the appendix to the motion to dismiss. Respondent seeks dismissal of the amended 28 U.S.C. § 2254 petition (doc. 6) as time barred. Petitioner filed a response to the motion to dismiss. Doc. 14.

Petitioner challenges his conviction and sentence (to 20 years incarceration followed by 20 years of probation) imposed by the Second Judicial Circuit, Leon County, following his nolo contendere plea to 79 counts of possession of child pornography. Doc.

6, p. 1. That was case number 2002-CF-3615. Ex. B, p. 3 (plea transcript).[1] Petitioner was sentenced on March 18, 2004. Ex. C (sentencing transcript).

There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.[2] The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2).

Petitioner challenges his conviction of March 18, 2004. Doc. 6, p. 1. Petitioner's conviction was affirmed on direct appeal on February 11, 2005, and he did not file a motion for rehearing or petition for writ of certiorari. Id., p. 2; Ex. G. His conviction became final on May 12, 2005, when the 90 days for seeking certiorari expired. Clay v. United States, 537 U.S. 522, 525-527, 123 S.Ct. 1072, 1075-76, 155 L.Ed.2d 88 (2003) (conviction is final when the time for seeking certiorari expires; under S.Ct. Rule 13(3) the 90 days for filing runs from the date of the order and not the mandate) (citations omitted).

---

[1] There were other cases involved: 2002-CF-3796 (three counts), 2002-CF-3797 (58 counts), and 2002-CF-4301 (three counts), with all the sentences to be served concurrently. Id., pp. 4-6; see also Ex. C (sentencing transcript), pp. 32-38 (discussing the sentences on the counts in the four cases).

[2] The limitations period runs from the latest of specified dates, which also include (in addition to that quoted above): the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(A)-(D).

Petitioner filed a Fla.R.Crim.P. 3.850 motion on February 21, 2006. Doc. 6, p. 2 (referencing date as February 24, 2006); Ex. I, p. 1 (bearing prison mail stamp of February 21, 2006).[3] Between May 12, 2005, and February 21, 2006 (excluding those days), 284 days had elapsed.

The 3.850 motion and appeal from denial of the motion tolled the one year period from filing until the mandate was issued by the appellate court on February 12, 2007. Ex. N.[4]

Petitioner filed his initial petition in this court on June 6, 2007. Doc. 1.[5] Between February 12, 2007, and June 6, 2007 (excluding those days), 113 days passed.

A total of 397 days of untolled time elapsed between the date the petition became final and the filing of the initial § 2254 petition in this court.

---

[3] The court applies the prison "mailbox rule" to determine the date of filing for tolling purposes. Under the mailbox rule, a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). The same rule applies in state court. See Thompson v. State, 761 So.2d 324, 325 (Fla. 2000) (presuming timeliness where an inmate's legal document would be timely if filed on the date of the certificate of service, shifting the burden to the State to prove otherwise).

[4] See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (noting that in Florida, a post-conviction motion is pending until the appellate court issues its mandate).

[5] Respondent states that "Petitioner filed this petition on June 26, 2007." Doc. 13, p. 9. The amended petition (doc. 6) was signed and delivered for mailing by Petitioner on June 27, 2007. As noted in the order to show cause, the amended petition and memorandum, docs. 6 and 7, are identical to docs. 1 and 2, except for the date of Petitioner's signature and the addition of a single page attachment to the petition. Doc. 9, p. 1. The amended petition should therefore relate back to the initial filing. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (second 28 U.S.C. § 2255 motion which was substantially identical to the first, technically insufficient for lack of signature, should have been considered amended motion which related back to the first).

Petitioner responds that Respondent failed to show cause why relief should not be granted by refuting the claims or showing them to be without merit.  Doc. 14, p. 1.  The order directing a response specifically provided that, "[i]f a procedural argument not going to the merits is raised, Respondent may await a ruling on that defense before filing an answer on the merits."  Doc. 9, p. 2.  As to timeliness, Petitioner argues that the record shows that his petition was timely filed.  Doc. 14, pp. 2-3.  Yet the record shows his petition to be untimely, and Petitioner does not argue that a later commencement date applies or that he is entitled to additional tolling.

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 13) be **GRANTED**, and the amended § 2254 petition challenging the judgment of the of the Second Judicial Circuit, Leon County, Case No. 2002-CF-3615 and related cases, be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on January 17, 2008.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.